22-16009

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

KATHRYN MAYORGA,

Appellant,

vs.

CRISTIANO RONALDO

Appellee.

---

On Appeal from the United States District Court,

District of Nevada

Case No. 2:19-cv-00168-JAD-DJA

The Honorable Judge Jennifer A. Dorsey, Presiding

---

## APPELLEE CRISTIANO RONALDO'S REPLY
## IN SUPPORT OF MOTION TO MAINTAIN
## SEAL

---

PETER S. CHRISTIANSEN, ESQ.
KENDELEE L. WORKS, ESQ.
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101
(702) 240-7979
*Attorneys for Appellee*

Pursuant to Circuit Rule 27-13(e) Appellee Cristiano Ronaldo ("CR"), moved to seal certain portions of Appellant Kathryn Mayorga's ("KM") Opening Brief; and pursuant to Rule 27-13(f) to maintain under seal portions of Appellant's Excerpts of Record ("AER"). KM opposed and CR's Reply in response follows.

In opposition, KM, true to form, once again chooses to ignore binding orders from the district court. Indeed, KM misrepresents the state of the district court record, feigning ignorance at the court's order sealing the parties' Settlement and Confidentiality Agreement ("SCA") and claiming the district court never sealed the Football Leaks documents or the Las Vegas Metropolitan Police Department's("LVMPD') investigative file. *See* Resp. at pgs. 2-4. KM goes on to repeat failed arguments CR somehow waived privilege or confidentiality by producing to her counsel the Football Leaks documents, which KM stole in the first instance and produced to CR for the first time 14 months later. *Id*. at pgs. 4-5.

## I.  **RELEVANT FACTS**

### A. **THE DISTRICT COURT EXPRESSLY STRUCK THE FOOTBALL LEAKS DOCUMENTS AND SEALED LVMPD'S FILE.**

Upon receipt of KM's Opposition to CR's Motion to Compel Arbitration, which for the first time, revealed Stovall had intentionally sought and obtained privileged attorney-client communications and work product, Defense counsel promptly alerted Stovall to the issue. *See* Appellant's Experts of Record ("AER") Vol. 10 at ER2002. The parties then stipulated to have sealed Exhibits 4 and 5 to

1

that opposition (the Football Leaks documents), pending motion practice and a ruling from the Court as to whether the documents should be stricken from the record. *See* ECF No. 45, attached as Exhibit A. On February 4, 2020, the Magistrate issued his Report and Recommendation, in relevant part finding CR had not waived the attorney-client or work product privileges, nor put the documents at issue. AER Vol. 10 at ER1981-82. On September 30, 2020, over KM's Objection, the district court affirmed the Magistrate's recommendation on the issue and ordered the Football Leaks documents be stricken from record. *Id*. at ER1940 and ER1981-1982.

## B. KM FILED A NOTICE OF APPEAL OF THE ORDER STRIKING THE PRIVILEGED DOCUMENTS.

On October 29, 2020, KM a filed a Notice of Appeal from the district court's Order Sustaining in Part Objection and Adopting and Modifying in Part Report & Recommendation, which sought to challenge the court's ruling as to "Ronaldo's motion to strike documents." *See* ECF No. 73, attached as Exhibit B. On November 23, 2020, CR's counsel informed Stovall that CR intended to move to dismiss for a lack of jurisdiction because pursuant to 9 U.S.C. § 16, the subject order was neither final nor appealable. AER Vol. 5 at ER0721. Stovall confirmed by email KM disagreed and would oppose the motion to dismiss. *Id.*

On November 28, 2020, CR timely moved to dismiss the appeal. *See* Case No. 20-17148 at Dkt. No. 5. On December 30, 2020, after obtaining two extensions

of the deadline to oppose dismissal, KM opted to voluntarily dismiss the appeal without ever filing an opposition. *Id*. at Dkt. Nos. 6, 8-9 and 11. On January 15, 2021, this Court granted KM's request to dismiss. *Id*. at Dkt. No. 12.

## C. THE DISTRICT COURT SEALED LVMPD'S FILE, WHICH INCLUDED THE FOOTBALL LEAKS DOCUMENTS.

The next time the Football Leaks documents came before the district court, they were included within the LVMPD file, which was attached as Exhibit P to CR's Motion for Case Terminating Sanctions and filed under provisional seal subject to CR's contemporaneous Motion to Seal certain exhibits attached thereto. AER Vols. 7–10 at ER1248–ER1857. Notably, the LVMPD file was obtained only with KM's authorization and was produced to her counsel marked as "confidential." *See* ECF 164 at pg. 14, attached as Exhibit C.

On September 17, 2021, the Magistrate Judge entertained oral argument on a variety of motions related to CR's Motion for Case Terminating Sanctions, including the motion to seal exhibits, one of which was Exhibit P, the LVMPD file. At the beginning of the hearing, Magistrate Judge Albregts informed the parties he intended to rule from the bench on certain motions, including the motion to seal, while taking others under advisement subject to later issuing written orders. *See* AER Vol. 2 at ER0089-90. Although KM represents the district court did not seal the parties' SCA, Magistrate Judge Albregts expressly acknowledged the court had previously made such rulings: "…Judge Dorsey found that some documents,

3

including the settlement agreement, the associated signed agreement, and direct quotes from them should remain sealed. And as I previously recommended - - a recommendation that Judge Dorsey accepted – we found that certain Football Leaks documents should be stricken from one of the plaintiff's responses." *Id.* at ER0094. (citing ECF Nos. 23, 67, and 72; AER Vol. 10 at ER1940 and ER1981-82; and Vol. 12 at ER2382 and ER2384). Magistrate Judge Albregts went on to note the attorney/client privilege and work product doctrine constitute "compelling reasons" to seal documents. AER Vol. 2 at ER0095-96. Accordingly, CR's Motion to Seal was granted, with the court stating:

> And so I find that the defense [CR] has carried the burden of showing that there are compelling reasons why these documents should be sealed and so I will grant the defendant's motion to seal found at 113. **Exhibits D, P and W to their motion for sanctions found at 111 shall remain sealed.** And again, I, -- that's simply on the sealing issue and not on anything else as to those documents."

*Id.* at ER0097 (emphasis added).

### D. CR REPEATEDLY SPECIFIED WHICH OF THE SEALED AND/OR STRICKEN DOCUMENTS ARE PRIVILEGED AND HAS NEVER WAIVED SUCH PRIVILEGES.

KM's assertion CR failed to identify which of the Football Documents are at issue and which constitute attorney-client communications and work product, is *patently false*. Indeed, CR's initial Motion to Strike and Maintain Under Seal the Football Leaks documents, filed in November 2019, specifically cites and describes with particularity which of the documents are privileged communications, some of

which also contain counsel's mental impressions, legal theories and conclusions; which are communications among CR's lawyers and investigators; and those which are work product.[1] AER Vol. 10 at ER2044–45. If that were not enough, CR's Motion for Case Terminating Sanctions and supporting Reply brief again pointed the district court to particular citations to Football Leaks documents consisting of attorney-client communications and work product. *See* AER Vol. 6 at ER0844-73 and Vol. 2 at ER0175-86.

CR's identification of privileged materials is further substantiated by declarations from his prior attorneys, Carlos Osorio De Castro and Richard Wright, Esq. *See* AER Vol. 2 at ER0188-89 and ER0191-92. Mr. Wright specifically affirmed:

---

[1] KM improperly included the Football Leaks Documents (which she attached as Exhibits 4 and 5 to her Errata to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration [ECF 44]) in the record on appeal despite that the district court unequivocally ordered them stricken from the record. ECF 44 at Exhibits 4 and 5 (AER Vol. 11 at ER2053–2295) identifies documents contained therein and numbered 0033-73 (ER2087–2109) and 0254-257 (ER2292–95) as correspondence between defense counsel and their client(s) made in furtherance of the rendition of legal services; citing documents 0003-32 (ER2059-86) as communications between CR's counsel and investigators who were hired by his lawyers to assist counsel with their rendition of legal services and thus, by definition "representatives of the lawyer;" further specifying that documents numbered 0003-73 (ER2059-2109) and 0254-257 (ER2292–95) are replete with references to and reflect counsel's mental impressions, legal theories and conclusions and thus, constitute both protected attorney-client communications and attorney work product; identifying documents numbered 0074-0122 (ER2110–57) as comprised entirely of correspondence between co-counsel for CR in which they provide a detailed analysis of their investigation, interviews, mental impressions, conclusions, legal theory and strategy in furtherance of providing CR with legal advice and services; and finally stating that even if documents numbered 0175-253 (ER2213–91) are recitations of a question and answer session with CR as KM contends, they go to the very heart of the attorney-client privilege—that is, to facilitate and protect candid communications between the attorney and client to promote the administration of justice. Moreover, documents numbered 0175-253 (ER2213–91) not only contain what KM asserts are attorney-client communications, they are abound with notes containing impressions of counsel, strategy and legal theories.

5.      Having reviewed certain of the pleadings and papers on file in the instant litigation, I am aware that Mr. Stovall obtained from a source known as Football Leaks, confidential attorney-client communications and work product related to the matter arising from Ms. Mayorga's allegations against Mr. Ronaldo.

6.      In particular, I am aware Mr. Stovall represents that he produced to the Las Vegas Metropolitan Police Department documents he obtained from Football Leaks, portions of which I have reviewed and attest are privileged attorney-client communications between myself and my law firm and other lawyers jointly representing Mr. Ronaldo as well as privileged attorney work product.  By way of example, documents identified in this litigation as CR-001222-1226, which I am informed are included in Sealed Exhibit P to the instant motion, are privileged attorney-client communications, attaching my privileged work product.

*Id*. at ER0191.

Moreover, KM herself identified the privileged nature of the at issue communications. To avoid any doubt, attendant to KM's opposition to the underlying motion for case terminating sanctions, KM filed a motion seeking *in camera* review of the Football Leaks documents in which she cited for pages to communications between CR's lawyers in an unsuccessful bid to convince the court the crime fraud exception should apply. AER Vol. 4 at ER0623-28.

There can be no good faith assertion CR failed to sufficiently assert and identify the applicable attorney-client and work product privileges. Under both longstanding state and federal law, the subject Football Leaks documents consist almost entirely of privileged communications among CR's lawyers and investigators.  The district court, presented with these facts, summarily rejected any notion CR somehow waived the privilege by failing to give adequate notice of the

nature of the claimed privilege. AER Vol. 1 at ER0003-44, Vol. 2 at ER0063-85, and Vol. 10 at ER1940, ER1944, and ER1981-82.

## II.   LEGAL ARGUMENT

### A. THE DISTRICT COURT SEALED EXHIBIT P (LVMPD'S FILE) BY WAY OF ITS ORAL PRONOUNCEMENT ON SEPTEMBER 17, 2021, WHICH IS A VALID, BINDING ORDER.

KM's primary argument in opposition to maintaining LVMPD's file under seal is that there exists no formal "written order" granting CR's motion to seal in the district court action. *See* Resp. at pgs. 3-4. KM fails to cite a single authority for the proposition that an oral order sealing certain exhibits or documents is somehow defective. *See generally id.* KM would apparently have this Court ignore that in fact, the district court did seal Exhibits D, P and W, to CR's Motion for Case Terminating Sanctions (ECF No. 111). AER Vol. 2 at ER0093-96. Those exhibits are not available to the public and do not even appear on the public or attorney view of the docket history—because they are **sealed**. *See* AER Vol. 12 at ER2544.

Equally as significant, the district court's oral pronouncement sealing Exhibits D, P and W constitutes a binding order of the court even absent a written order memorializing the decision. *See Noli v. C.I.R.*, 860 F.2d 1521, 1525 (9th Cir. 1988)(rejecting argument that oral order granting relief from automatic stay was not binding or valid because no formal written order followed). Moreover, where a party is present when an oral order issues and has notice of its existence and content,

7

there can be no claim of prejudice as a result of the court's failure to thereafter issue a separate written order.  *Id.*

This is especially so where there are no subsequent contradictory orders.  The only orders to follow the oral pronouncement sealing the subject exhibits repeatedly affirmed as protected and privileged, the Football Leaks documents, which comprise a significant portion of Exhibit P.  The district court declined to determine whether the balance of LVMPD's file is subject to public disclosure, leaving the matter to be determined at the state court level—which has yet to be decided.  *See* Exhibits B and D, attached to CR's Motion to Maintain Seal, on file herein.

## B. COMPELLING REASONS WARRANT MAINTAINING THE FOOTBALL LEAKS DOCUMENTS AND LVMPD'S FILE AS SEALED.

KM points out the district court rejected CR's compelling reasons argument in refusing to seal the entire case in an apparent attempt to persuade this Court to accept that ruling.[2]  KM ignores however, that CR is not seeking to seal the entire district court record.  *See* Resp. at pg. 13.  Moreover, the district court did in fact, strike the Football Leaks documents and sealed the LVMPD file, which includes

---

[2] Notably, the sole case citation upon which KM relies to assert CR cannot show compelling reasons to maintain the LVMPD file under seal appears to be miscited.  CR's counsel was able to locate *Montoya v. Orange County Sheriff's Dep't.*, 987 F.**Supp**.2d 981 (C.D. CA., 2013), but that decision is an order on motions for summary judgment, not a motion to seal as KM represents.  KM's citation was to 987 F.2d 981, and thus, there appears to be a typographical error.  However, the undersigned conducted a Westlaw search to locate any other published decisions in the *Montoya* case that may relate to a motion to seal but was unable to find any such cases.

the privileged Football Leaks documents. AER Vol. 2 at ER0094 and ER0097, and Vol. 10 at ER1940 and ER1944.

Equally as significant, KM mischaracterizes the nature of the district court's ruling on CR's motion for protective order, which sought to preclude public disclosure of the LVMPD file. While the motion was denied, KM glaringly omits it was denied as **moot** because all parties ultimately agreed that given the NY Times' public records request was made under Nevada law, state court was the proper forum in which to litigate the matter. No Nevada court has decided whether the LVMPD file is properly subject to public disclosure and the issue is currently on appeal to the Nevada Supreme Court. Thus, to date, the LVMPD file has never been publicly disclosed. It was produced to KM in the underlying district court action marked as "confidential" and subject to a Confidentiality and Protective Order. *See* CR's Second Supplement to Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26(a)(1) (without exhibits), attached as Exhibit D; *see also* ECF 101, attached as Exhibit F. In order to maintain that confidentiality and allow the Nevada courts to properly adjudicate the issue, this Court should maintain the LVMPD file as sealed on appeal.

### III.   <u>CONCLUSION</u>

In light of the foregoing, this Court should order all documents sealed in the district court action be maintained under seal throughout this appeal. To that same end, this Court should order that any direct quotes to the sealed documents be

redacted from any public filings. KM's Opening Brief should be publicly filed only with the redactions[3] contained in Exhibit A attached to the instant motion.

DATED this 13th day of February, 2023.

CHRISTIANSEN TRIAL LAWYERS

By_____

PETER S. CHRISTIANSEN, ESQ.
KENDELEE L. WORKS, ESQ.
*Attorneys for Appellee Cristiano Ronaldo*

---

[3] A chart summarizing CR's responses to KM's objections to the proposed redactions is attached as Exhibit E.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of February, 2023, I electronically filed the foregoing **APPELLEE CRISTIANO RONALDO'S REPLY IN SUPPORT OF MOTION TO MAINTAIN SEAL** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF, which will send a notice of electronic filing to the following:


Leslie Mark Stovall, Esq.
Stovall & Associates
2301 Palomino Lane
Las Vegas, NV 89107

*/s/ Keely P. Chippoletti*
An Employee of Christiansen Trial Lawyers

# EXHIBIT A

# EXHIBIT A

PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone:     (702) 240-7979
Facsimile:     (866) 412-6992
*Attorneys for Defendant Cristiano Ronaldo*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>            Plaintiff,<br><br>vs.<br><br>CRISTIANO RONALDO,<br><br>            Defendant. | Case No. 2:19-cv-00168-JAD-DJA<br><br>**STIPULATION AND ORDER TO SEAL ATTORNEY-CLIENT PRIVILEGED AND ATTORNEY WORK-PRODUCT DOCUMENTS ATTACHED TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION [ECF 44]** |

Pursuant to Local Rules IA 6-2, and LR IA 10-5, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Kathryn Mayorga, through her attorney Leslie Mark Stovall, Esq., and Defendant Cristiano Ronaldo, through his attorneys, Peter S. Christiansen, Esq., Kendelee L. Works, Esq. and Keely A. Perdue, Esq., that documents attached to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration [ECF 44] within Exhibits 4-5 and identified as Bates Nos. 0003-0257 (hereinafter "Documents 0003-257"), and all references to those documents, remain sealed pending a judicial determination as to whether such documents

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

CHRISTENSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

1  should be entirely stricken from the record in this case because they are subject to the protections

2  of the attorney-client privilege and attorney work-product doctrines.

3       Plaintiff filed her Opposition to the Motion to Compel Arbitration entirely under seal.

4  However, the Parties anticipate that pursuant to this Court's Order re: Motions to Dismiss, Exceed

5  Page Limits, and Seal Judicial Records [ECF 23], the Court may require Plaintiff to refile her

6  Opposition with only quotations to the settlement agreements between the parties being sealed

7  and/or redacted.  While Plaintiff and Defendant disagree regarding whether Documents 0003-

8  0257 should be stricken from the record and that issue was not before the Court in ECF 23, both

9  parties stipulate and respectfully request that those documents and all references to the material

10  contained in those documents, be maintained under seal pending a judicial determination of the

11  application of the attorney-client privilege and work-product doctrines.

12       Plaintiff represents that Documents 0003-0121 and 0121 and 0175-0275 are documents

13  that Plaintiff's Counsel received from "Football Leaks" pertaining to Defendant [Mr. Ronaldo].

14  Plaintiff represents that Documents 0122 – 0174 are news publications that Plaintiff's Counsel

15  provided to the Las Vegas Metropolitan Police Department.  Defendant asserts Documents 0003-

16  0257 consist almost entirely of what purport to be communications among counsel and/or

17  investigators for Mr. Ronaldo, as well as internal communications among counsel, attorney work-

18  product and attorney-client communications and/or the unlawful publication of purported

19  attorney-client communications and attorney work-product.  While Mr. Ronaldo does not believe

20  such documents are without alteration, he nevertheless has never agreed to waive any of the

21  protections of the attorney-client privilege or attorney work product doctrine.

22  / / /

23  

24  / / /

25  

26  / / /

27  

28  / / /

1    Accordingly, Mr. Ronaldo intends to move, pursuant to Rules 104 and 502 of the Federal

2   Rules of Evidence, to have Documents 0003-0257 and all references thereto, entirely stricken

3   from the record.  Plaintiff intends to oppose, arguing that exceptions to such privileges apply.

4   Both parties agree that Documents 0003-0257 and any references thereto, should remain sealed

5   pending a judicial determination regarding the application of the attorney-client privilege and

6   attorney work product doctrines.

7

8   Dated this 1st day of October, 2019.        Dated this 1st day of October, 2019.

9   CHRISTIANSEN LAW OFFICES               STOVALL & ASSOCIATES

10

11    /s/ Keely A. Perdue, Esq.                     /s/ Leslie Mark Stovall, Esq.
    PETER S. CHRISTIANSEN, ESQ.            LESLIE MARK STOVALL, ESQ.

12  Nevada Bar No. 5254                       Nevada Bar No. 2566
    KENDELEE L. WORKS, ESQ.                2301 Palomino Lane

13  Nevada Bar No. 9611                       Las Vegas, Nevada 89107
    KEELY A. PERDUE, ESQ.                    *Attorneys for Plaintiff Kathryn Mayorga*

14  Nevada Bar No. 13931

15  810 S. Casino Center Blvd., Ste. 104
    Las Vegas, Nevada 89101

16  *Attorneys for Defendant Cristiano Ronaldo*

17

18                    **ORDER**

19    IT IS SO ORDERED.

20    DATED this ____ day of _____, 2019.

21

22                    _____
                      U.S. DISTRICT COURT JUDGE

23

24

25

26

27

28

3

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Kathryn Mayorga, | Case No.: 2:19-cv-00168-JAD-DJA |
|     Plaintiff | **Order Granting Nunc Pro Tunc Motion to Extend Time, Granting Stipulation to Maintain Seal on Documents Filed Under Seal, and Setting Deadline for Motion to Strike and Seal** |
| v. | |
| Cristiano Ronaldo, | |
|     Defendant | [ECF Nos. 42, 45] |

      Mayorga moves to extend the deadline to file her response to Ronaldo's motion to compel arbitration and stay proceedings to September 23, 2019.[1]  Mayorga has since filed her response to Ronaldo's motion and an errata to her response.[2]  She attached hundreds of pages of documents as exhibits to her response and filed the entirety of her submission under seal.[3]  This district's local rule about sealed documents instructs that "[a]ll papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them."[4]  Mayorga, however, did not file the requisite motion to seal the documents.[5]  Ronaldo contends that the bulk of Mayorga's exhibits 4 and 5 are subject to the protections of the attorney-client and attorney work-product doctrines and informs the court that he intends to move to strike those documents from the record under FRE 104 and 502.[6]  All this led to the parties stipulating to

---

[1] ECF No. 42.

[2] ECF Nos. 43 (sealed response), 44 (sealed errata to response).

[3] ECF Nos. 43 (sealed response), 44 (sealed errata to response).

[4] LR IA 10-5(a).

[5] *Id.* ("Unless otherwise permitted by statute, rule, or prior order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal.").

[6] ECF No. 45.

1  keep the entirety of Mayorga's submission sealed until the court can rule on Ronaldo's

2  anticipated motion.[7]  In light of Ronaldo's representation that he anticipates moving to strike

3  Mayorga's exhibits 4 and 5 *and with the caveat that he must also address why those exhibits*

4  *should be sealed*,

5      IT IS HEREBY ORDERED that the parties' stipulation to maintain the seal on

6  Mayorga's motion-to-compel response and exhibits pending further briefing **[ECF No. 45] is**

7  **GRANTED.**  Ronaldo's motion to strike and seal Mayorga's exhibits 4 and 5 must be filed **by**

8  **November 6, 2019.**

9      IT IS FURTHER ORDERED that Mayorga's motion to extend time **[ECF No. 42] is**

10  **GRANTED nunc pro tunc.**

11  _____

12                                    U.S. District Judge Jennifer A. Dorsey
                                     October 2, 2019

13

14

15

16

17

18

19

20

21

22

23  _____
[7] ECF No. 45.

# EXHIBIT B

# EXHIBIT B

**NOA**
LESLIE MARK STOVALL, ESQ.
Nevada Bar No. 2566
ROSS MOYNIHAN, ESQ.
Nevada Bar No. 11848
STOVALL & ASSOCIATES
2301 Palomino Lane
Las Vegas, NV 89107
Telephone: (702) 258-3034
E-service: court@lesstovall.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KATHERINE MAYORGA, an individual )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CRISTIANO RONALDO, individually, )<br>Does i-XX and Roe Corporations I-XX; )<br>Defendants. )<br>_____ ) | 2:19-cv-00168-JAD-CWH |

## NOTICE OF APPPEAL

PLEASE TAKE NOTICE that Plaintiff, Katherine Mayorga hereby appeals to

the United States Court of Appeals for the Ninth Circuit the follow portion of the

court's September 30, 2020 order sustaining in part objection and adopting and

modifying in part report and recommendation [ECF 72] as follows:

1.  Mayorga's illegality challenges are for an arbitration. (See p. 20: 6-14 and p.

    27:19-28: 2 of the 9/30/2020 order).

2.  Mayorga's general demand for jury trial does not satisfy the FFA. (See p.

    21: 1-23: 10 and p. 27:19-28:2 of the 9/30/2020 order).

1    3. Ronaldo's motion to strike documents [ECF No. 55] (See p. 24:1-12 and p.

2       28:6-8 of the 9/30/2020 order).

3       The plaintiff does not appeal the remain portions of the Court's September 30, 2020

4  order sustaining in part objection and adopting and modifying in part report and

5  recommendation [ECF 72]

6       Dated this ___ day of October 2020

7

8                                              STOVALL AND ASSOCIATES

9

10

11

12                                             Leslie Mark Stovall, Esq.
                                               2301 Palomino Lane
13                                             Las Vegas, NV 89107
                                               (702) 258 3034
14                                             Fax: (702) 258 0093
                                               Email: les@lesstovall
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    Page 2 of 3

## **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5 and LR 5.1, I certify that I am an employee of the LAW OFFICES

OF STOVALL & ASSOCIATES and that on 29th October, 2020, I caused the foregoing

NOTICE OF APPEAL to be filed and served via the Court's CM/ECF electronic filing system

upon all registered parties and their counsel.

Peter S. Christiansen, Esq.
Christiansen Law Offices
810 Casino Center Blvd., Suite 104
Las Vegas, NV 89101


*/s/ Maria Hernandez*
_____
An employee of the law offices of
Stovall & Associates

Page 3 of 3

# EXHIBIT C

# EXHIBIT C

PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101
Telephone:    (702) 240-7979
Facsimile:    (866) 412-6992

*Attorneys for Defendant Cristiano Ronaldo*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>Plaintiff,<br><br>v.<br><br>CRISTIANO RONALDO,<br><br>Defendant. | CASE NO.:    2:19-cv-00168-JAD-DJA<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR TERMINAL [SIC] SANCTIONS [FILED UNDER SEAL AS ECF NO. 153]** |

The Magistrate Judge's Report and Recommendation properly concluded this Court should grant Defendant's Emergency Motion for Case Terminating Sanctions [ECF No. 143 ruling on ECF No. 111] and denied Plaintiff's Motion for In Camera Review [ECF No. 124]. Defendant sought case terminating sanctions because Plaintiff's counsel, Stovall & Associates ("Stovall") admittedly and intentionally sought stolen attorney-client communications and work product from an alleged cyber hacker. Plaintiff then not only used those documents as exhibits to public filings in this case, but also as support for her counsel's request that the Las Vegas Metropolitan Police Department reopen a decade old investigation to prosecute the Defendant. Despite court orders striking the privileged documents from the record, Plaintiff and Stovall continue to treat the privileged communications as "fair game."

1    Ruling in favor of Defendant, the Magistrate Judge correctly found, "Anything less than
2    case terminating sanctions would create the dangerous precedent that, so long as a party is willing
3    to risk changing attorneys or paying a fine, they can use privileged information to prosecute, and
4    maybe even win, their case. ECF No. 143 22:10-12. Accordingly, the Magistrate Judge
5    recommended that Plaintiff's case be dismissed with prejudice. *Id.* at 22:20-23. Plaintiff now
6    objects, arguing despite her previous concession the subject documents are "presumptively
7    privileged," that Defendant has somehow failed to meet his burden to demonstrate the subject
8    Football Leaks documents are privileged at all.

9    Setting aside that the documents were obtained in response to direct and specific requests
10   for attorney client communications and readily appear on their face to be exactly that, Plaintiff
11   herself established the privileged nature of numerous documents. Indeed, in trying to convince
12   this Court the crime-fraud exception should apply, Plaintiff dedicated page after page of the
13   underlying opposition to quoting privileged communications between Defendant's lawyers. In
14   short, there is no dispute the subject Football Leaks documents contain hundreds of pages of
15   privileged attorney-client communications and work product – precisely what Plaintiff explicitly
16   sought and obtained more than fourteen months before ever disclosing them to the Defense.

17   Seemingly never to be deterred, Plaintiff continues to persist in her relentless attempts to
18   convince this Court that Defendant somehow waived the attorney-client privilege. Plaintiff has
19   repeatedly made this unavailing argument before this Court and each time, it has been squarely
20   rejected. Plaintiff's arguments continue to run contrary to the facts and evidence in this case and
21   should be ignored.

22   Perhaps more tellingly, Plaintiff does not address the Magistrate Judge's conclusion that
23   presuming the subject Football Leaks documents are privileged, dismissal is the only sanction
24   sufficient to remedy the prejudice caused by Plaintiff's egregious misconduct. In short, the harm
25   caused by Plaintiff's willful disregard of the rules of discovery and our justice system cannot be
26   overstated or undone. Accordingly, Plaintiff's objections should be overruled and the Magistrate
27   Judge's Report and Recommendation for dismissal should be affirmed in its entirety.

28

CHRISTIANSEN
— TRIAL LAWYERS —

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      LEGAL ARGUMENT

### A.  Legal Standard.

A district court is vested with discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party files timely and specific written objections, the district court is required "to make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made." *Id.*; Local Rule IB 3-2(b).[1] *De novo* review does not require a *de novo* hearing but the district court must arrive at its own conclusion as to those portions of the magistrate's findings or recommendations, which are the subject of a specified objection. *Nevada Power Co.v. Monsanto Co.*, 891 F.Supp. 1406, 1412 (D. Nev. 1995).

### B.  The stricken Football Leaks Documents are Undeniably Privileged Attorney-Client Communications and Work Product.

#### i.      Defendant Specifically Identified the Privileged Nature of the Football Leaks Documents and Plaintiff has Repeatedly Conceded such Documents are Privileged.

Relying on a September 2021 decision from the Nevada Supreme Court, Plaintiff claims the law on asserting attorney-client privilege has somehow been revolutionized and under this so-called "new" precedent, Defendant has waived such protections. (ECF 143 at 3-6, citing in significant part to *Superpumper, Inc., v. Leonard*, 137 Nev. Adv. Op. 43 (2021)). The *Superpumper* decision did not change the threshold showing required to claim the protections of the attorney client privilege. *Id.* at *107. Rather, as Plaintiff directly quotes, the Nevada Supreme Court simply reiterated that pursuant to NRCP 26(b)(5)(A), the party asserting the attorney-client privilege, "must...expressly make the claim...and describe the nature of the documents, communications, or tangible things" so as to "enable other parties to assess the claim.'" *Id.* Despite relying heavily on this purportedly "new" Nevada precedent, Plaintiff then goes on to

---

[1] While Defendant has attempted to limit the scope of the instant response to the arguments raised in Plaintiff's objections, Defendant nevertheless incorporates herein by reference the factual and legal contentions contained in the briefing underlying each of the subject motions – that is, ECF Nos. 111, 113, 133, 134,

1   assert that federal law should apply to determination of the privilege. However, FRCP 26(b)(5)(A)

2   is the federal counterpart to NRCP 26(b)(5)(A) and is identical.

3          Notably, Plaintiff fails to note both rules explicitly state the required disclosure is to be

4   made in a manner that ***does not reveal*** the information that is "itself privileged or protected," but

5   nevertheless allows other parties to "assess the claim." Given that Plaintiff deprived Defendant

6   of this protection by intentionally seeking out, obtaining, reviewing and relying on the stolen

7   confidential and privileged information for fourteen months prior to disclosure, the applicability

8   of either rule is questionable. Equally as troublesome, Plaintiff ignores that Defendant

9   nevertheless expressly asserted the privilege the day immediately following Plaintiff's first

10  disclosure of the subject documents. ECF 111 at Exbibit E. Defendant then promptly moved to

11  have the Football Leaks documents stricken, citing in great detail to particular categories of

12  documents, identifying those categories by bates number and describing the nature of the

13  privileged communications and work product. ECF 55:8:7-9:10.

14         Plaintiff's assertion that Defendant failed to identify which of the Football Documents are

15  at issue and which constitute attorney-client communications and work product, is ***patently false***.

16  Despite referencing Defendant's initial Motion to Strike and Maintain Under Seal the Football

17  Leaks documents, Plaintiff apparently failed to read or comprehend its contents. Indeed, the

18  motion, filed more than two years ago in November 2019, specifically cites to and describes with

19  particularity which of the documents are privileged communications, some of which also contain

20  counsel's mental impressions, legal theories and conclusions; which are communications among

21  Defendant's lawyers and investigators; and those which are work product.[2]

22

23  ─────────────────────────

    [2] *Id.* (citing to ECF 44 at Exhibits 4 and 5 and identifying documents contained therein and numbered 0033-73 and
24  0254-257 as correspondence between defense counsel and their client(s) made in furtherance of the rendition of legal
    services; citing documents 0003-32 as communications between Defendant's counsel and investigators who were
25  hired by his lawyers to assist counsel with their rendition of legal services and thus, by definition "representatives of
    the lawyer;" further specifying that documents numbered 0003-73 and 0254-257 are replete with references to and
26  reflect counsel's mental impressions, legal theories and conclusions and thus, constitute both protected attorney-
    client communications and attorney work product; identifying documents numbered 0074-0122 as comprised entirely
27  of correspondence between co-counsel for Defendant in which they provide a detailed analysis of their investigation,
    interviews, mental impressions, conclusions, legal theory and strategy in furtherance of providing Defendant with
    legal advice and services; and finally stating that even if documents numbered 0175-253 are recitations of a question
28  and answer session with Defendant as Plaintiff contends. then they go to the very heart of the attorney-client privilege

As if that were not enough, Defendant's Motion for Case Terminating Sanctions and supporting Reply brief again pointed this Court to particular citations to Football Leaks documents consisting of attorney-client communications and work product. Defendant's identification of such privileged materials is further substantiated by declarations from his prior attorneys, Carlos Osorio De Castro and Richard Wright, Esq. See ECF 133 at Exhibits A and B. Mr. Wright specifically affirmed:

> 5. Having reviewed certain of the pleadings and papers on file in the instant litigation, I am aware that Mr. Stovall obtained from a source known as Football Leaks, confidential attorney-client communications and work product related to the matter arising from Ms. Mayorga's allegations against Mr. Ronaldo.

> 6. In particular, I am aware Mr. Stovall represents that he produced to the Las Vegas Metropolitan Police Department documents he obtained from Football Leaks, portions of which I have reviewed and attest are privileged attorney-client communications between myself and my law firm and other lawyers jointly representing Mr. Ronaldo as well as privileged attorney work product. By way of example, documents identified in this litigation as CR-001222-1226, which I am informed are included in Sealed Exhibit P to the instant motion, are privileged attorney-client communications, attaching my privileged work product.

ECF 133 at Exhibit B.

Moreover, Plaintiff herself has identified the privileged nature of the at issue communications. To avoid any doubt, attendant to Plaintiff's opposition to the underlying motion for case terminating sanctions, Plaintiff also filed a motion seeking in camera review of the Football Leaks documents in which she cited for pages to communications between Defendant's lawyers in an unsuccessful bid to convince the court the crime fraud exception should apply. ECF 124 at pp. 10-15.

There can be no good faith assertion that Defendant failed to sufficiently assert and identify the applicable attorney-client and work product privileges. Under both longstanding state and federal law, the subject Football Leaks documents consist almost entirely of privileged

---

– that is to facilitate and protect candid communications between the attorney and client to promote the administration of justice. Moreover, documents numbered 0175-253 not only contain what Plaintiff asserts are attorney-client communications, they are abound with notes containing impressions of counsel, strategy and legal theories).

communications among Defendant's lawyers and investigators. Any notion Defendant somehow waived the privilege by failing to give adequate notice of the nature of the claimed privilege should be summarily rejected.

        ii.   <u>Defendant was Not Required to Prepare a Privilege Log because Plaintiff Unilaterally Requested and Obtained ALL of the Subject Documents and Knew Their Contents</u>.

Plaintiff further contends Defendant's failure to produce a "privilege log" specifically identifying the particular nature of each and every document precludes a finding the subject documents are in fact, confidential and privileged. Plaintiff yet again ignores that Defendant did in fact, specifically explain and identify the basis of the asserted privileges. Perhaps even more baffling, Plaintiff also fails to explain what purpose a privilege log could possibly serve when she and her counsel already obtained, reviewed, digested and relied upon ALL of the stolen privileged Football Leaks documents.

The reason for production of a privilege log is to allow the opposing party to sufficiently ascertain the basis for the claimed privilege without first having obtained the privileged material itself. *See* FRCP 26(b)(5)(A) and NRCP 26(b)(5)(A). Plaintiff herself obviated the need for any privilege log because Plaintiff unilaterally sought, obtained, reviewed, digested and relied upon ALL of the privileged materials without disclosing she possessed the documents for more than fourteen months. Plaintiff did not need a privilege log to enable her counsel to assess the claim of privilege because Plaintiff had the documents, which contained hundreds of pages of materials readily appearing on their face to be attorney-client privileged communications and/or work product.

**C. Defendant has never waived the attorney-client communications or work product privileges**

        i.   <u>Defendant has Never Voluntarily Waived any Privileges</u>.

Without citing any legal authority, Plaintiff contends Defendant has somehow waived the attorney-client or work product privileges by objecting to the authenticity of the subject football leaks documents. However, Defendant's objections based on the authenticity and privileged

nature of the Football Leaks documents are not mutually exclusive. To be clear, Defendants have consistently maintained that, 1) the subject documents cannot be authenticated because they were stolen by a cyber hacker; and 2) the documents, on their face, are readily apparent as privileged attorney-client communications and work product. In fact, Plaintiff and her counsel attempted to justify their litigation misconduct by asserting they were not the party to "steal" the subject documents and asked that this Court ascertain the origins of the documents before deciding Defendant's sanctions motion. ECF 143 at 18:17-23. Because Plaintiff and her counsel concede they cannot confirm their origin, Plaintiff cannot possibly demonstrate authenticity of the Football Leaks documents for purposes of admissibility.

Yet again, this argument entirely ignores that Stovall intentionally and expressly sought out stolen confidential and privileged communications and work product, the origins of which were at best, unknown. In rejecting Plaintiff's attempts to justify such misconduct, the Magistrate's Report and Recommendations pointedly noted, "…this information is unverifiable. More importantly, the origins of the Football Leaks documents are too suspicious for Stovall to have ignored in good faith. Stovall was rebuffed in his initial attempts to get the documents from Der Spiegel and Mayorga's former counsel. Ignoring this red flag, Stovall then emailed Football Leaks, asking specifically for privileged material while making no attempt to justify the source." *Id.* at 18:21-26. Simply because Plaintiff cannot show authenticity of the documents does not negate that she and her counsel sought out and received what very clearly appear, even at first glance, to be privileged attorney-client communications and work product.

    ii.   <u>Defendant at all Times Has Acted to Protect the Attorney-Client Communication and Work Product Privileges.</u>

The audacity of Plaintiff and her counsel knows no bounds. In absolute defiance of all logic and common sense, Plaintiff argues Defendant somehow voluntarily waived the attorney client privilege by providing this Court, under seal, with copies of documents Plaintiff had already obtained, reviewed, digested, relied upon and provided to LVMPD requesting that it reopen its criminal investigation into the facts underlying this case – documents which are also the subject of orders striking the privileged materials from the record in this case. Ignoring that Plaintiff

herself attached the subject Football Leaks documents as exhibits to her Opposition to the Motion to Compel Arbitration, in response to which Defendant successfully moved to have such documents stricken from the record and maintained under seal, Plaintiff now asks this Court to find Defendant voluntarily waived his privilege by moving to have the documents stricken; and then by moving for case terminating sanctions when Plaintiff continued to persist in her unrelenting quest to utilize the stolen and privileged communications to prosecute her claims. Accepting Plaintiff's argument as true would mean Defendant effectively had no remedy by which to demonstrate to this Court that Plaintiff and Stovall have continued to violate this Court's express directive striking the privileged documents.

Moreover, the LVMPD file was obtained pursuant to subpoena but the full file was only produced pursuant to a joint request and authorization signed by Plaintiff's counsel. *See* email correspondence between Defense Counsel and LVMPD, a true and accurate copy of which is attached hereto as **Exhibit "A."** In reality, either party could have obtained the full file containing the stolen, confidential and privileged Football Leaks documents. Additionally, the privileged Football Leaks documents in LVMPD'S file appeared to have all originated from Plaintiff and/or Stovall. Accordingly, Plaintiff's assertion that Defendant waived the privilege by producing a jointly requested LVMPD file containing documents Plaintiff sought out and produced to LVMPD in the first place is wholly without merit. For Plaintiff to assert she was not on notice of Defendant's assertion of privilege over the entire body of Football Leaks documents is disingenuous at best and should not be well taken by this Court.

**D. There is No Court Order to Contradict the Recommendation for Dismissal Such that Judicial Estoppel Could Apply.**

Plaintiff contends because Defendant recognized disqualification of counsel may have been one available sanction at the time he sought to have the Football Leaks documents stricken, that he is now judicially estopped from seeking dismissal [an entirely different sanction] or disqualification. ECF 153 at pp. 16-18 (citing in relevant part *Hendrick & Lewis, PLLC v. Clinton*, 766 F.3d 991, 1001 (9th Cir. 2014); *Jackson v. County of Los Angeles*, 60 Cal. App. 4th 171, 183 (1997)). Tellingly, Plaintiff fails to even mention the factors to be considered when assessing

1   whether judicial estoppel should be applied. Presumably because such a showing could never be

2   met under the facts of this case.

3          In both *Clinton* and *Jackson* (upon which Plaintiff relies), the courts recognized that for

4   judicial estoppel to apply, a party's later position must be totally inconsistent with its earlier

5   position; the party must have been successful in asserting the first position (i.e., the tribunal

6   adopted or accepted the first position as true such that acceptance of the later position would

7   create the appearance that one of the tribunals had been misled); and whether the party asserting

8   the inconsistent position would derive an unfair advantage. *Clinton*, 766 F.3d at 1001; *Jackson*,

9   60 Cal.App.4th at 181-82.

10         First, it is difficult to fathom how recognizing the sanction of disqualification is available

11  to remedy misconduct and then later seeking that sanction or a more severe sanction when the

12  misconduct continues, is anything but consistent. Equally as significant, prior to the instant Report

13  and Recommendations finding dismissal to be the appropriate remedy, this Court had never ruled

14  on whether disqualification or dismissal would be an available remedy because neither were

15  sought.  Said another way, this Court has never before accepted or rejected ***any*** position regarding

16  case terminating sanctions or disqualification. Accordingly, affirming the recommendation for

17  dismissal could never give rise to the appearance that the tribunal has been misled.  In short, there

18  is no legal or factual basis upon which to find Defendant should be judicially estopped from

19  seeking case terminating sanctions or disqualification.

20         **E.  In Defiance of this Court's Order Striking the Privileged Materials, Plaintiff has
           Consistently Maintained the Football Leaks documents Could be Used to
21         Prosecute her Claims.**

22         Plaintiff's final arguments in objection to the recommendation for dismissal hinge on the

23  assertion she and Stovall have "complied" with all court orders in this case and that all Football

24  Leaks documents Plaintiff provided to LVMPD were also produced to Defendant. Plaintiff

25  dedicates pages of her objection to arguing there is no evidence Plaintiff produced additional

26  pages of documents to LVMPD that were not disclosed in this case. However, the Report and

27  Recommendations actually gave Plaintiff a pass on this issue. To be clear, footnote 3 specifically

28

9

1   stated, "the Court thus does not base its recommendation for terminating sanctions on the
2   allegation that Stovall provided LVMPD with documents he did not produce to Ronaldo in this
3   litigation." ECF 143 at p. 17, Note 3. It is noteworthy that prior to the instant Objections, Stovall
4   had simply maintained he had not before seen the additional undisclosed documents but now
5   takes a much stronger stance, proclaiming for the first time he never provided such documents to
6   LVMPD. Nevertheless, the recommendation for case terminating sanctions is not premised on
7   this assertion, which makes Plaintiff's objection in this regard a moot point.

8       With respect to Plaintiff's so-called compliance with this Court's prior orders and
9   admonitions regarding the Football Leaks documents, Defendant's underlying motion for case
10  terminating sanctions sets-forth in painstaking detail the manner in which Plaintiff ignored such
11  directives. *See* ECF 111 at pp. 7-11; ECF 111 at Exhibit C. Plaintiff and her counsel continued to
12  use not just the Football Leaks documents, but the information they clearly reviewed, digested
13  and retained for more than a year before disclosing the privileged materials in this case. *Id.*
14  Moreover, the Magistrate Judge's recommendations further summarize the prejudicial manner
15  Stovall has continued to wield the Football Leaks documents even since being faced with the
16  instant motion for case terminating sanctions:

17          …Stovall also has a propensity to use the documents whenever possible,
18      treating them as if they were authenticated evidence. Even after the Court struck
        the Football Leaks documents record, Stovall has continued to use their contents to
19      paper the docket with expensive and frivolous motions. For example, Stovall quotes
        the Football Leaks documents to argue that the settlement agreement was illegal,
20      an issue not in front of this Court. Stovall also uses the Football Leaks documents
        – in direct violation of *Zolin* and Ninth Circuit precedent – to support his unfounded
21      demand for in camera review. The existing and ongoing prejudice these documents
22      create to Ronaldo's ability to defend this action weigh heavily in favor of dismissal.

23  ECF 143 at 19:22-20:1.

24      Undeterred, Plaintiff and Stovall continue to use the Football Leaks documents to forward
25  frivolous legal theories and motions. Plaintiff relies directly on the Football Leaks documents in
26  making the instant objection, as well her objections to the Order denying in camera review. See
27  ECF 152. Even more troubling, Plaintiff relies on the stricken Football Leaks documents in
28  moving to amend the order initially striking the stolen and privileged communications - an order

that was filed nearly two years ago, which Plaintiff appealed to the Ninth Circuit only to voluntarily dismiss after seeking multiple extensions of the time to oppose Defendant's motion for dismissal for lack of jurisdiction. *See* ECF 154 (moving to "amend/correct" ECF 72).

Plaintiff brazenly asks this Court to accept that because Stovall now asserts he will not use the Football Leaks documents as exhibits during deposition questioning, that the prejudice to Defendant has been cured. Nonsense. As Magistrate Judge Albregts properly and succinctly concluded, sanctions less than dismissal will not suffice:

> …because Stovall and Mayorga have read, reviewed and thoroughly analyzed the Football Leaks documents, their knowledge of the documents' contents cannot be undone. There is no possible way for this case to proceed where the Court cannot tell what arguments and testimony are based on these privileged documents.

ECF 143 at 21:20-24.

## II.    CONCLUSION

In light of the foregoing facts, law and argument as well as those set-forth in the underlying briefing, Defendant respectfully requests that this Court overrule Plaintiff's Objections and instead affirm the Magistrate Judge's Order and Report and Recommendation [ECF 143] in its entirety.

Dated this 3rd day of December, 2021.

CHRISTIANSEN TRIAL LAWYERS

By _____
PETER S. CHRISTIANSEN, ESQ.
KENDELEE L. WORKS, ESQ.
KEELY A. PERDUE, ESQ.
*Attorneys for Defendant Cristiano Ronaldo*

11

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5 and LR-5.1, I certify that I am an employee of CHRISTIANSEN TRIAL LAWYERS, and that on this 3rd day of December, 2021, I caused the foregoing document entitled **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR TERMINAL [SIC] SANCTIONS [FILED UNDER SEAL AS ECF NO. 153]** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel.

_____
An employee of Christiansen Trial Lawyers



# Exhibit "A"

# Exhibit "A"

Case: 22-16009, 02/13/2023, ID: 12652269, DktEntry: 28, Page 37 of 59

**From: Keely Perdue** keely@christiansenlaw.com  📎
**Subject:** Ronaldo adv. Mayorga
**Date:** April 13, 2021 at 11:00 AM
**To:** m16091c@lvmpd.com
**Cc:** Peter S. Christiansen pete@christiansenlaw.com, Kendelee Works kworks@christiansenlaw.com

Mr. Christian,

Please see the attached authorization signed by Ms. Mayorga. Please advise when we can expect to receive the requested documents.

Thank you,

Keely A. Perdue, Esq.
Christiansen Trial Lawyers
710 South 7th Street, Suite B
Las Vegas, NV 89101
Phone (702) 240-7979
Fax (866) 412-6992



This email is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law.  If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the email to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.



2021.04.13
Authori...PD.pdf

# EXHIBIT D

# EXHIBIT D

PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 005254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street
Las Vegas, Nevada 89101
Telephone:    (702) 240-7979
Facsimile:     (866) 412-6992

*Attorneys for Defendant Cristiano Ronaldo*



## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN MAYORGA, | CASE NO.:    2:19-cv-00168-JAD-DJA |
| Plaintiff, | |
| v. | **DEFENDANT CRISTIANO RONALDO'S SECOND SUPPLEMENT TO INITIAL DISCLOSURE OF WITNESSES AND DOCUMENTS PURSUANT TO FRCP 26(a)(1)** |
| CRISTIANO RONALDO, | |
| Defendant. | |

Defendant, CRISTIANO RONALDO, by and through his counsel of record, PETER S. CHRISTIANSEN, ESQ., KENDELEE L. WORKS, ESQ. and KEELY A. PERDUE, ESQ. of CHRISTIANSEN TRIAL LAWYERS, hereby supplements his Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26(a)(1) (Supplemental information is in **bold**).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# I.

## WITNESSES

| | | |
|---|---|---|
| 1. | Kathryn Mayorga<br>c/o Stovall & Associates<br>2301 Palomino Lane<br>Las Vegas, NV 89107<br>(702) 258-3034 | Ms. Myorga is expected to testify as to the state of her mental capacity during the relevant time-period. |
| 2. | Michaela Wood<br>fka Michaela Tramel<br>1489 Warm Springs Road, Ste 110<br>Henderson, NV 89014<br>(702) 340-6360 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 3. | Joseph Bongiovi<br>Bongiovi Dispute Resolutions<br>9510 W. Sahara Avenue, #225<br>Las Vegas, NV 89117<br>(702) 889-4600 | This witness is expected to testify as to his knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 4. | Norton A. Roitman, M.D.<br>2340 Paseo del Prado, D307<br>Las Vegas, NV 89102<br>(702) 222-2812 | This witness is expected to testify as to his knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 5. | Tammie S. Roitman, EdS, CCHT<br>2340 Paseo del Prado, D307<br>Las Vegas, NV 89102<br>(702) 793-2187 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 6. | Nancy Sargent Hunterton, MFT<br>3501 W. Charleston Blvd<br>Las Vegas, NV 89102<br>(702) 203-8687 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 7. | Jane Heenan, MS, MFT<br>7465 W. Lake Mead Blvd<br>Las Vegas, NV 89128<br>(702) 810-4159 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |

2

| 8. | Biliana Darzev, MD and/or Custodian of Records and/or Person Most Knowledgeable BILIANA DARZEV, MD, LTD 653 North Town Center Drive Suite 300 Las Vegas, NV 89144 (702) 456-7255 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
|---|---|---|
| 9. | Custodian of Records and/or Person Most Knowledgeable University of Nevada Las Vegas 4505 S. Maryland Parkway Las Vegas, NV 89154 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 10. | Leni Freeman and/or Custodian of Records and/or Person Most Knowledgeable Best Agency 5801 S. Decatur Blvd, Suite 110 Las Vegas, NV 89118 (702) 889-2900 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 11. | Amber Insera and/or Custodian of Records and/or Person Most Knowledgeable Model Experts 2740 Liberation Drive Henderson, NV 89044 (702) 610-7419 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 12. | Leaher Davis and/or Custodian of Records and/or Person Most Knowledgeable Clark County School District 2832 E. Flamingo Road Las Vegas, NV 89121 (702) 799-5305 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 13. | Holley Cox and/or Custodian of Records and/or Person Most Knowledgeable Le Jolie Boutique, LLC (702) 592-5872 holley@ljbcreative.group | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |



3

| 14. | Custodian of Records and/or Person Most Knowledgeable Johnson Brothers 1999 Shepard Road St. Paul, MN 55116-3210 (651) 649-5800 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
|---|---|---|
| 15. | Michelle (last name unknown) MHNN PO Box 1647 Key West, FL 33041 (305) 745-4656 Gator@aol.com | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 16. | Seth Yudof UD Factory 5275 Arville St. Las Vegas, NV 89118 (702) 362-9866 Seth@UDfactory.com | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 17. | Candace Du Plessis Johnson Brothers 4701 Mitchell St. Las Vegas, NV 89081 702-942-7238 infonv@johnsonbrothers.com | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 18. | Cheryl Mayorga c/o Leslie Mark Stovall, Esq. Stovall & Associates 2301 Palomino Lane Las Vegas, Nevada 89107 (702) 258-3034 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 19. | Summer Mayorga c/o Leslie Mark Stovall, Esq. Stovall & Associates 2301 Palomino Lane Las Vegas, Nevada 89107 (702) 258-3034 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |



CHRISTIANSEN
— TRIAL LAWYERS —

| 20. | Larry Mayorga<br>c/o Leslie Mark Stovall, Esq.<br>Stovall & Associates<br>2301 Palomino Lane<br>Las Vegas, Nevada 89107<br>(702) 258-3034 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
|---|---|---|
| 21. | Jason Mayorga<br>Address and Telephone Number Unknown | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 22. | Officer B. Loy<br>Las Vegas Metropolitan Police Department<br>400. S Martin Luther King Blvd<br>Las Vegas, NV 89106<br>(702) 828-3111 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 23. | Marian T. Adams, RN, SANE<br>University Medical Center<br>1800 W Charleston Blvd<br>Las Vegas, NV 89102<br>(702) 383-2000 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 24. | Custodian of Records and/or Person Most Knowledgeable<br>Clark County District Attorney's Office<br>200 Lewis Avenue<br>Las Vegas, NV 89101 | This witness is expected to testify as to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |
| 25. | Staci R. Ross, Ph.D., ABPP<br>716 South 6th Street<br>Las Vegas, NV 89101<br>(702) 382-3670 | Dr. Ross will testify as an expert in this matter as designated by Defendant in his Designation of Expert Witnesses/Rebuttal Witnesses and Documents. |
| **26.** | **Officer Sam Diaz**<br>**Las Vegas Metropolitan Police Department**<br>**400. S Martin Luther King Blvd**<br>**Las Vegas, NV 89106**<br>**(702) 828-3111** | **This witness is expected to testify as to his knowledge, if any, of Plaintiff's mental capacity during the relevant time-period.** |



CHRISTIANSEN
— T R I A L   L A W Y E R S —

| 27. | Custodian of Records and/or Person Most Knowledgeable Las Vegas Metropolitan Police Department 400. S Martin Luther King Blvd Las Vegas, NV 89106 (702) 828-3111 | This witness is expected to testify as to the authenticity of records and to her knowledge, if any, of Plaintiff's mental capacity during the relevant time-period. |

Defendant reserves the right to call any and all expert witnesses which Defendant may hereafter select as the need arises during the course of this litigation; and Defendant further reserves the right to supplement this witness list if any other witnesses become known to Defendant as this litigation progresses and as other witnesses are discovered or located.

Defendant also reserves the right to call any and all of the Plaintiff's proposed witnesses, or any other witnesses of same who become known to Defendant and/or Plaintiff as this litigation progresses and as other witnesses are discovered or located.

Defendant reserves the right to call rebuttal and/or impeachment witnesses; to call the records custodian for any person(s) or institution(s) to which there is an objection concerning authenticity; and to call any and all witnesses of any other party in this matter.

## II.

## DOCUMENTS

| DOCUMENT DESCRIPTION | BATES NUMBER |
|---|---|
| Settlement and Confidentiality Agreement **(produced pursuant to confidentiality order)** | CR-000001 – CR-000049 |
| Confidential Side Letter Agreement **(produced pursuant to confidentiality order)** | CR-000050 – CR-000053 |
| Email thread between Michaela Tramel and Simon Smith **(produced pursuant to confidentiality order)** | CR-000054 – CR-000055 |
| Undated letter from Plaintiff to Defendant **(produced pursuant to confidentiality order)** | CR-000056 – CR-000061 |
| Emails between Michaela Tramel and Lavely & Singer attorneys **(produced pursuant to confidentiality order)** | CR-000062 – CR-000190 |
| Correspondence between Michaela Tramel and Lavely & Singer attorneys **(produced pursuant to confidentiality order)** | CR-000191 – CR-000262 |



CHRISTIANSEN
— TRIAL LAWYERS —

| Plaintiff's University Nevada Las Vegas Transcript | CR-000263 – CR-000267 |
|---|---|
| Best Agency Response to Subpoena Duces Tecum | CR-000268 – CR-000269 |
| Model Experts Response to Subpoena Duces Tecum | CR-000270 – CR-000338 |
| Plaintiff's Clark County School District Employment Records | CR-000339 – CR-000383 |
| Le Jolie Response to Subpoena Duces Tecum | CR-000384 – CR-000406 |
| Plaintiff's Records from Tammie S. Roitman, EdS, CCHT | CR-000407 – CR-000423 |
| Plaintiff's Clark County School District School Records | CR-000424 – CR-000454 |
| Johnson Brothers Response to Subpoena Duces Tecum | CR-000455 |
| Michaela Wood Response to Subpoena Duces Tecum | CR-000456 – CR-000457 |
| Plaintiff's Records from Bilana Darzev, MD, LTD | CR-000458 – CR-000554 |
| Clark County District Attorney Response to FOIA Request | CR-000555 – CR-000562 |
| Bongiovi Dispute Resolutions Settlement Memorialization **(produced pursuant to confidentiality order)** | CR-000563 – CR-000565 |
| Plaintiff's Records from Nancy Hunterton, MFT | CR-000566 – CR-000636 |
| **Records from Las Vegas Metropolitan Police Department re Case Report No. LLV090613001815 (produced pursuant to confidentiality order)** | **CR-000637– CR-001658** |

Defendant reserves the right to submit as an exhibit any document or tangible item identified by any other party in this action or obtained from any third party. Defendant further reserves the right to amend and/or supplement this list of documents or tangible items as discovery proceeds.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

In addition, neither inclusion of any documents or tangible items within this disclosure nor acceptance of documents provided by any other party hereto in a disclosure shall be deemed as a waiver by Defendant of any evidentiary rights Defendant may have with respect to those documents and/or tangible items, including, but not limited to, objections related to authenticity, materiality, relevance, foundation, hearsay, or any other rights as may be permitted pursuant to the Federal Rules of Evidence.

Dated this 30th day of April, 2021.

CHRISTIANSEN LAW OFFICES

By_____
PETER S. CHRISTIANSEN, ESQ.
KENDELEE L. WORKS, ESQ.
KEELY A. PERDUE, ESQ.
*Attorneys for Defendant*

8

1  PETER S. CHRISTIANSEN, ESQ.
   Nevada Bar No. 005254
2  pete@christiansenlaw.com
   KENDELEE L. WORKS, ESQ.
3  Nevada Bar No. 9611
   kworks@christiansenlaw.com
4  KEELY A. PERDUE, ESQ.
   Nevada Bar No. 13931
5  keely@christiansenlaw.com
   CHRISTIANSEN TRIAL LAWYERS
6  710 S. 7th Street
   Las Vegas, Nevada 89101
7  Telephone:  (702) 240-7979
   Facsimile:   (866) 412-6992
8
9  *Attorneys for Defendant Cristiano Ronaldo*

10              **UNITED STATES DISTRICT COURT**

11                  **DISTRICT OF NEVADA**

12  KATHRYN MAYORGA,                    CASE NO.:   2:19-cv-00168-JAD-DJA

13                Plaintiff,

14  v.
                                        **RECEIPT OF COPY OF**
15  CRISTIANO RONALDO,                  **DEFENDANT CRISTIANO**
                                        **RONALDO'S SECOND**
16                Defendant.            **SUPPLEMENT TO INITIAL**
                                        **DISCLOSURE OF WITNESSES AND**
17                                      **DOCUMENTS PURSUANT TO FRCP**
                                        **26(a)(1)**
18

19       The  undersigned  hereby  acknowledges  receipt  of **DEFENDANT CRISTIANO**

20  **RONALDO'S SECOND SUPPLEMENT TO INITIAL DISCLOSURE OF WITNESSES OF**

21  **AND DOCUMENTS PURSUANT TO FRCP 26(a)(1).**

22       DATED this 30th day of April, 2021.

23
                                        STOVALL & ASSOCIATES
24

25

26                                      Leslie Mark Stovall, Esq.
                                        2301 Palomino Lane
27                                      Las Vegas, Nevada 89107
                                        *Attorney for Plaintiff Kathryn Mayorga*
28

# EXHIBIT E

# EXHIBIT E

| | KM's Assertions | CR's Responses |
|---|---|---|
| 1. | **Redaction at p. 12:7-12:** KM asserts this "states information from the LVMPD investigative file that was not subject to sealing order." | The LVMPD file was attached to CR's Motion for Case Terminating Sanctions (ECF 111) as Exhibit P, subject to provisional seal pending CR's contemporaneous motion to seal. Magistrate Judge Albregts granted the motion to seal by oral pronouncement during the September 17, 2021 hearing. AER Vol. 2 at ER0097. |
| 2. | **Redaction at p. 12:15-13:7:** KM acknowledges these statements come from the "Football Leaks documents which the district court found to be privileged but merely consist of statements by individuals that appear to be Defendant's lawyers reporting responses obtained from third parties (LVMPD) or statements to thirds parties (plaintiff's counsel)." Despite the district court's repeated finding of privilege, KM continues to insist these communications are "fact statements" that are not privileged. | These statements are direct quotes from the Football Leaks documents, which the district court repeatedly found to be confidential attorney-client privilege and/or work product, striking them from the record and/or sealing their contents. KM concedes the quoted excerpts appear to be statements made by CR's lawyers but insists that they are not privileged because the lawyers are reporting to one another about what outside parties may have said. Setting aside that KM and her counsel should never have obtained these stolen, privileged materials at the outset, it is clear these quotations are not statements of fact, but rather an exchange of opinions related to strategy and counsel's interpretations of certain communications and predictions related to potential risk and what may occur related to settlement negotiations etc. |
| 3. | **Redaction at p. 13:10-18:** KM acknowledges these statements come from the "Football Leaks documents which the district court found to be | *See* response 2 above. |

| | | |
|---|---|---|
| | privileged but merely consist of statements by an individual "that appears to be one of Defendant's lawyers" reporting "to another individual that appears to be co-counsel of the defendant," regarding an assessment of the plaintiff's [KM's] state of mind. Despite the district court's repeated finding of privilege, KM continues to insist these communications among counsel are "fact statements" that are not privileged. | |
| 4. | **Redaction at p. 13:19-14:1; p. 56:15-16; p. 57:7-8; p. 58:9-10; and 58:15-16:** KM represents these are direct quotes from the January 10, 2010, mediator's settlement agreement, which she contends was not the subject of the district court's order sealing the SCA, and that CR voluntarily disclosed the document to KM. | Contrary to KM's assertion, the district court's order granting in part, CR's motion to seal (AER Vol. 12 at ER2385-2438), stated in relevant part that CR had articulated "enough facts to justify sealing the actual [settlement] agreements and direct quotes from any of them." *See* AER Vol. 12 at ER2378. While CR did disclose the document to KM, it was marked "confidential" pursuant to the Confidentiality and Protective Order and notably, KM herself was a party to the agreement. *See* Exhibit D, attached hereto; *see also* ECF 101, attached as Exhibit F. |
| 5. | **Redaction at p. 14:13-16:4-12:** *See* sections 2 and 3 above. | *See* responses 2 and 3 above. |
| 6. | **Redaction at p. 16:5-20; p. 27: 13-28; and p. 56:16-20:** KM concedes this is a direct quote to the sealed SCA, but CR somehow waived confidentiality by producing the SCA to KM. | *See* response to section 4 above. Additionally, the district court ordered that CR file, under seal, a copy of the SCA, so that it became part of the court record, albeit sealed. AER Vol. 12 at ER2378 and ER2384; *see also* ER2540 (ECF 56). CR complied with the Court's Order by doing so at ECF No. 57. Complying with the court's |

| | | order in no way waived confidentiality. |
|---|---|---|
| 7. | **Redaction at 17:5-18:15:** KM aptly points out these are direct quotes from Dr. Howard Roitman's psychiatric report regarding KM. | First, CR proposed redaction given that these contain KM's private medical records. Further, Dr. Roitman assessed KM after the filing of her Complaint herein and for purposes of the litigation, at a time when the district court found her memory had already been tainted by review of the confidential and privileged football leaks documents. In dismissing KM's complaint, the district court criticized her counsel's decision to give her the privileged documents, stating, "he gave them to his client, ensuring that they would contaminate her memory and perception of events, and he built her complaint on their content, as evidence by plaintiff's sworn verification." AER Vol. 1 at ER0036. The district court further found that any sanction less than dismissal would not suffice because "it would be nearly impossible…to excise the misappropriated documents from this case because [KM'] independent recollection of the events was certainly enhanced or altered by what she learned through her review of these privileged communications…" *Id.* at ER0042. It is likewise impossible to assess what portions, if any, of KM's reporting to Dr. Roitman was based on her independent recollection versus her review of the misappropriated Football Leaks documents. Thus, this Court should decline to allow KM to |

| | | backdoor into the public eye, the contents of the Football Leaks documents, which cannot be excised from KM's memory simply because she recited such alleged facts to an outside physician for litigation purposes. |
|---|---|---|
| 8. | **Redaction at p. 20:7-11; p. 21: 16-20:**<br>KM asserts because these are direct quotes from Der Spiegel articles published in 2017 and 2018, they are not the subject of any sealing orders and thus, apparently need not be redacted. | KM ignores that the Der Spiegel articles quote the stolen, privileged attorney client communications – some of which are based on KM's review of the documents, which she then reported to Der Spiegel in 2018. In ruling on dismissal, the district court expressly declined to include such quotes, despite that they had been published, noting, "I do not directly quote the articles here in the interest of mitigating the use of privileged materials." AER Vol. 1 at ER0004, note 1. |
| 9. | **Redaction at p. 30:20-31:2 and p. 31:11-32:12:**<br>KM asserts these are direct quotes from the declarations of CR's prior counsel and were not subject to any sealing order or CR's motion to seal certain exhibits. | CR's counsel confused these two declarations of prior counsel with a different declaration of counsel that had been sealed. CR concedes the declarations quoted here are not the subject of any sealing order, and thus agrees there is no need for these redactions. |
| 10. | **Redaction at p. 56:9-11:**<br>*See* sections 2, 3 and 5 above. | *See* responses 2, 3 and 5 above |
| 11. | **Redaction at p. 57:4-7:**<br>KM asserts these are a summation of the requirements of the SCA, which was sealed but that CR waived confidentiality by producing it to KM. | *See* responses 4 and 6 above. |

# EXHIBIT F

# EXHIBIT F

PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 005254
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street
Las Vegas, Nevada 89101
Telephone:    (702) 240-7979
Facsimile:    (866) 412-6992
*Attorneys for Defendant Cristiano Ronaldo*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN MAYORGA,<br><br>                    Plaintiff,<br><br>vs.<br><br>CRISTIANO RONALDO,<br><br>                    Defendant. | Case No. 2:19-cv-00168-JAD-DJA<br><br>**ORDER FOR CONFIDENTIALITY<br>AND PROTECTIVE ORDER** |

With regard to materials disclosed in the course of the above-captioned lawsuit ("Lawsuit"), which constitute or contain trade secrets or other confidential research, development, commercial information, or other information and documents which may be subject to confidentiality limitations on disclosure due to federal law, state laws, privacy rights, and/or prior agreements of the parties ("Confidential Material"), the Court hereby orders the following procedures shall govern:

1.       This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.) concerning trade secrets, confidential research, development or commercial information in which the producing party has a protected proprietary interest, or other information

1   and documents which may be subject to confidentiality limitations on disclosure due to federal

2   law, state laws, privacy rights, and/or prior agreements of the parties.

3         2.     The parties may designate any Confidential Material produced or filed in this

4   Lawsuit as confidential and subject to the terms of this Order by marking such material

5   "Confidential." Any material designated as "Confidential" shall not be disclosed to any person or

6   entity, except to parties, counsel for the respective parties, and expert witnesses assisting counsel

7   in this Lawsuit. This designation must be made in good faith as this agreement is not intended to

8   be a blanket order of confidentiality for all information disclosed in this case.

9         3.     Any material designated as confidential pursuant to Paragraph 2 above shall be

10   used solely for the purposes of this Lawsuit.

11         4.     Prior to disclosure of Confidential Material, each person to whom disclosure is to

12   be made shall execute a written "Confidentiality Agreement" (in the form attached hereto as

13   Exhibit "A" consenting to be bound by the terms of this Order. The parties and counsel for the

14   respective parties (including legal assistants and other personnel) are deemed to be bound by this

15   Order and are not required to execute a Confidentiality Agreement.

16         5.     Only counsel of record in this Lawsuit shall be permitted to disseminate

17   Confidential Material. Upon dissemination of any Confidential Material, each non-designating

18   counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any

19   person given Confidential Material, and (2) the identity of the Confidential Material so

20   disseminated (such as by "Bates stamp" number). Such record shall be made available to the

21   designating party upon request.

22         6.     If additional persons become parties to this Lawsuit, they shall not have access to

23   any Confidential Material until they execute and file with the Court their written agreement to be

24   bound by the terms of this Order.

25         7.     In the event that any question is asked at a deposition that calls for the disclosure

26   of Confidential Material, the witness shall answer such question (unless otherwise instructed not

27   to do so on grounds of privilege) provided that the only persons in attendance at the deposition,

28   including court reporters and deposition officers, are persons who are qualified to receive such

information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation by page and line number in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to Paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8.     If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of a court reporter and no copy of the transcript or exhibits shall be given to the deponent. This paragraph does not limit the parties' ability to provide the complete transcript/record and exhibits to persons set forth in Paragraph 4.

9.     With respect to any communications to the Court, including any pleadings or motions or other papers, all documents containing Confidential Material shall be filed under seal and/or communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words **"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."** All communications shall indicate clearly which portions are designated to be "Confidential." Any communications containing Confidential Material shall be returned to the submitting party upon termination of this Lawsuit (whether by dismissal or final judgment).

10.     The Clerk of this Court is directed to maintain all communications received by the Court pursuant to paragraph 9 above under seal. All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed

envelope or container, and the following statement: "Enclosed are confidential materials filed in this case pursuant to a Protective Order entered by the Court and the contents shall not be examined except pursuant to further order of the Court."

11.    If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party in writing of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

12.    If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested within fourteen (14) calendar days from the date of its production. The parties shall meet and confer and attempt to resolve the issue. If the dispute is not resolved after such efforts, the party seeking the protection may file a motion for a protective order with respect to the contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling upon the filing of a motion for protective order.

13.    Inadvertent failure to designate any material "Confidential" shall not constitute waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fourteen (14) calendar days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14.    This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15.    When any counsel of record in this Lawsuit or any attorney who has executed this Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

4

16.     Within thirty (30) calendar days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party or destroyed. Counsel returning or destroying such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order or destroyed. Such representation fully contemplates returning or destroying counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to designating counsel or destroyed.

17.     After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to the documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

18.     This Order does not limit any persons or entities' ability to be present during trial, including media, if media requests permission from the presiding Judge or Chief Judge. The parties reserve their right to object at the time of trial.

DATED this 29th day of April 2021.

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully Submitted By:

CHRISTIANSEN TRIAL LAWYERS

    /s/ Keely A. Perdue, Esq.
PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
KEELY A. PERDUE, ESQ.
Nevada Bar No. 13931
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101
*Attorneys for Defendant Cristiano Ronaldo*

**EXHIBIT A**

**CERTIFICATION REGARDING CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], am about to receive Confidential Materials supplied in connection with the Lawsuit, Case No. 2:19-cv-00168-JAD-DJA. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Order for Confidentiality and Protective Order ("OCPO") filed in this Lawsuit. I have been given a copy of the OCPO; I have read it, and I agree to be bound by its terms. I understand that Confidential Materials, as defined in the OCPO, including any notes or other records that may be made regarding any such materials, shall not be disclosed or disseminated to anyone except as expressly permitted by the OCPO. I will not copy or use, except solely for the purposes of this Lawsuit, any Confidential Materials obtained pursuant to this OCPO, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Lawsuit in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Lawsuit, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____ , 2021.

_____

_____
Title

_____
Address

_____
City, State, Zip